NO. 07-02-0267-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 25, 2002



______________________________




JOSE DEMETRO ARAUSA JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A14185-0109; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ., and BOYD, SJ. (1)

ON ABATEMENT AND REMAND

 A pro se notice of appeal was timely given in the above case, and the clerk's and
reporter's records have been timely received by us. However, appellant's brief, which was
due to be filed no later than September 19, 2002, has not been filed, nor have we received
any motion seeking an extension of time within which to file the brief. On November 6,
2002, we notified appellant that neither a brief or a motion seeking an extension of time
had been filed, and if a satisfactory response was not received within ten days of the
notice, the appeal would be abated pursuant to Texas Rule of Appellate Procedure 38.8.

 The notice of appeal indicates appellant's intent to appeal his conviction. This state
of the record requires us to remand the case to the 64th District Court of Hale County to
conduct a hearing as mandated by Texas Rule of Appellate Procedure 38.8. Upon
remand, the judge of the trial court shall immediately cause proper notice to be given and
conduct a hearing to determine:

 1. If appellant is indigent and if the appointment of an attorney is necessary.


 2. If it be determined that an attorney should be appointed, the name,
address, and State Bar of Texas identification number of the attorney
appointed.


 3. If appellant is not indigent, whether he has failed to make the necessary
arrangements for prosecuting his appeal, and if he has not done so, what
orders are necessary to ensure those arrangements are made.


 4. If any other orders are necessary to ensure the diligent and proper
pursuit of appellant's appeal.


 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. In addition, the trial court shall cause a transcription of the hearing to be prepared
and included in a reporter's record. Those supplemental records should be submitted to
this court no later than December 23, 2002.

 It is so ordered.

 Per Curiam

Do not publish.


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002). 



to meet the requirement of appellate rule 38.1(h). We will,
nevertheless, address his contention. When deciding whether evidence is legally sufficient
to support a conviction, a reviewing court must assess all the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could find the
essential elements of the crime beyond a reasonable doubt. Poindexter v. State, 153
S.W.3d 402, 405 (Tex.Crim.App. 2005), citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979). 

 On the facts of this case, the elements of robbery are that the defendant, at the
stated time and place, while in the course of committing theft of property and with intent
to obtain or maintain control of the property, intentionally or knowingly threatened or placed
the victim in fear of imminent bodily injury or death; and then and there exhibited or used
a deadly weapon, specifically a knife, which in the manner of its use or intended use was
capable of causing death or serious bodily injury. See Tex. Penal Code Ann. § 29.02
(Vernon 2003); Jefferson v. State, 144 S.W.3d 612, 613 (Tex.App.--Amarillo 2004, no
pet.).

 The jury was free to believe the victim's testimony that the man who attacked her
threatened her with a knife to coerce her to turn over her purse and phone. She also
testified she feared for her life. Officer Lloyd Cook testified a knife like the one the victim
described would be a deadly weapon. The jury heard the circumstances surrounding the
victim's opportunity to see the man who committed the offense and her subsequent
identification of appellant in a photograph. (1) They observed her identification of him at trial. 
The jury also heard a second witness who knew appellant and identified him as wearing
similar clothing in the immediate area about the time of the robbery. The jury had ample
evidence on which to evaluate the weight to be given to the identification of appellant.

 Our review of the record compels the conclusion a rational fact finder could have
found the elements of the offense beyond a reasonable doubt. We overrule appellant's
sole issue and affirm the judgment of the trial court. 


 James T. Campbell

 Justice





Do not publish.


1. The photographic lineup was introduced in evidence and appears in the appellate
record. Appellant makes passing reference in his brief to the lineup, but does not argue
the presentation was improper or suggested his identification by the victim.